# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

R. Wayne Johnson,

    Plaintiff,

v.

Doris L. Gruntmeir, U.S.Atty Gen, and
Department of Veteran Affairs,

    Defendants.

Case No. 09-CIV-256-RAW

**OPINION AND ORDER**

The Complaint [Docket No. 1] in this matter was filed on July 6, 2009. Also before the court are Plaintiff's two Motions for Leave to Proceed *in Forma Pauperis* [Docket Nos. 2 and 3], as well as Plaintiff's Supplement [Docket No. 10]. Plaintiff's Amended Complaint [Docket No. 7] was filed on August 13, 2009. The court construes Plaintiff's allegations liberally as he is pro se. See Haines v. Kerner, 404 U.S. 519 (1972).

Plaintiff's Complaint alleges that Defendant Gruntmeir violated Plaintiff's civil rights by denying Plaintiff access to the courts in the matter of Johnson v. Department of Veterans Affairs, Eastern District of Oklahoma Case No. 08-CIV-430-RAW. Defendant Gruntmeir was defense counsel in the earlier case, which was dismissed by this court on April 17, 2009 for lack of subject matter jurisdiction and on the basis of *res judicata*. The Complaint is a rambling list of accusations against the Defendant Gruntmeir, alleging she retaliated against him in the previous matter. Plaintiff also alleges in his Amended Complaint that the Department of Veteran Affairs is liable due to "clients held accountable for their attys. acts,

omissions." (Amended Complaint, Paragraph 37.)

Plaintiff's arguments are quite similar to what the Tenth Circuit had rejected as the "hackneyed tax protester refrain." United States v. Chisum, 502 F.3d 1237, 1243 (10th Cir. 2007). Further, Plaintiff's arguments are "completely lacking in legal merit and patently frivolous." Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990).

## 28 U.S.C. § 1915

Section 1915 of the United States Code, Title 28, states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal--
> **(I)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A plaintiff is not required to make out a perfect case in their complaint. Rather, "It suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." Lemmons v. Law Firm of Morris and Morris, 39 F.3d 264 (10th Cir. 1994).

2

## *Sua Sponte* Dismissal

"*Sua sponte* dismissals are generally disfavored by the courts." Banks v. Vio Software, 275 Fed.Appx. 800 (10th Circ. 2008). A court shall dismiss a case at any time, however, if the court determines that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an IFP claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Trujillo v. Williams, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." Hall v. Bellmon, 935 F.2d 1106, 1108 (10th Cir. 1991). "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" Id. (citation omitted). Further, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." McKinney v. State of Oklahoma, 925 F.2d 363, 364 (10th Cir. 1991).

## Frivolous Lawsuits

The court notes that Plaintiff has now filed three actions in this court pertaining to the same general set of facts. See Case Nos. 06-CV-529-RAW (dismissed for lack of subject matter jurisidiction), 08-CV-430-RAW (dismissed for lack of subject matter jurisdiction and

3

on the basis of *res judicata*) and the instant case 09-CV-256-RAW. Plaintiff is establishing himself as a frequent filer of frivolous lawsuits. He is warned that if he continues to file meritless, frivolous, malicious, or abusive complaints in this court, sanctions will be imposed.[*]

**Conclusion**

The allegations listed in the complaint do not create a claim upon which this lawsuit can proceed. The court finds that Plaintiff's action is frivolous, that Plaintiff fails to state a claim on which relief can be granted, and that Plaintiff seeks monetary relief against Defendants who are immune from such relief. This matter is dismissed with prejudice.

Dated this 23rd day of September, 2009.

**Dated this 23rd Day of September 2009.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

j4h4i0

---

[*] Indeed, the court notes that Plaintiff has filed at least forty-two lawsuits in various federal courts across this nation. The majority of Plaintiff's cases have been filed in the Texas federal courts.